# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| v. | § § | CASE NO. 4:17-CR-55-1 |
| | | Judge Crone/Judge Nowak |
| CHRISTOPHER LAVELL MCFADDEN (1), | § § § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant Christopher Lavell McFadden's Letter Motion to file "Notice of Appeal out-of-time" [Dkt. 34 at 1]. On April 3, 2018, the motion was referred to the undersigned U.S. Magistrate Judge for consideration and a determination or recommended disposition pursuant to 28 U.S.C. § 636 [Dkt. 35]. For the reasons stated herein, the Court should construe the instant motion as a motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255.

On October 2, 2017, Defendant pleaded guilty without a plea agreement to possession of a firearm by a felon, in violation of Title 18 U.S.C. § 922(g) [Dkt. 21]. On January 29, 2018, the Court sentenced Defendant to 71 months of imprisonment in the Bureau of Prisons, to be followed by 3 years of supervised release, and imposed a $100.00 special assessment [Dkt. 32]. On January 31, 2018, the criminal judgment was entered on the docket. On March 26, 2018, the present motion was filed [Dkt. 34], requesting that Defendant be allowed to file a notice of appeal out of time.

Pursuant to Rule 4(b) of the Federal Rules of Appellate Procedure, Defendant had 14 days to file timely notice of appeal from entry of judgment. Fed. R. App. P. 4(b)(1)(A). A judgment is entered for the purposes of Rule 4(b) when it is entered on the criminal docket. Fed. R. App. P.

4(b)(6). Upon a finding of "excusable neglect" or "good cause," section 4 of Rule 4(b) permits a district court, with or without motion, to extend the time to file notice of appeal for a period not to exceed 30 days from the expiration of time otherwise prescribed in Rule 4(b). Fed. R. App. P. 4(b)(4). However, district courts cannot extend such time to file beyond the time period prescribed in Rule 4(b). Therefore, if a defendant does not request an extension until after the 30-day extension period has expired, the district court's power to act is limited. *United States v. Leijano-Cruz*, 473 3d. 571 (5th Cir. 2006); *Balderrama v. United States*, EP 13-CR-925, 2015 WL 12942489, *2, n. 13-14 (W.D. Tex. May 28, 2015) (Order ECF No. 83, Jan. 15, 2014).

In this case, Defendant acknowledges that his notice of appeal was not timely filed [Dkt. 34]. The final day for timely appealing the judgment was February 14, 2018. No notice of appeal, however, was filed by that date. Defendant now moves the Court to grant him leave to file an out-of-time appeal, arguing that he requested his trial counsel to file a Notice of Appeal, and that he was "dismayed and disappointed to learn that Notice of Appeal had not been filed." However, the Court lacks the power to grant Defendant relief under Appellate Rule 4(b). The district court has no power to enlarge the time for appeal beyond March 16, 2018, which is 30 days after the deadline to file notice of appeal. Defendant's motion was not filed until March 26, 2018, is dated March 21, 2018, and is postmarked March 22, 2016. Each of these dates are outside the time period prescribed by Rule 4(b); therefore Defendant may not seek relief by showing excusable neglect or good cause.

Notwithstanding, the Court concludes that Defendant's pending request for an out of time appeal should be construed as a § 2255 request for relief and opened as a new civil action. It is well established that a claim of ineffective assistance of counsel for failing to timely file a notice of appeal is properly asserted in a § 2255 motion and the remedy is an out-of-time appeal.

*See United States v. Bernal*, 551 F. App'x. 177, 179 (5th Cir. 2014) (citing *Roe v. Flores–Ortega,* 528 U.S. 470, 483–86 (2000)); *see also United States v. Tapp,* 491 F.3d 263, 265–66 (5th Cir. 2007); *United States v. West,* 240 F.3d 456, 459 (5th Cir. 2001) ("Since the 1960s, our court, pursuant to a § 2255 motion, has permitted an out-of-time appeal when a defendant was denied assistance of counsel on appeal, through counsel's failure to perfect an appeal."). Moreover, the pleadings of *pro se* litigants should be liberally construed; and, "[i]t is the substance of the relief sought by a *pro se* pleading, not the label that the [movant] has attached to it, that determines [its] true nature and operative effect…" *Hernandez v. Thaler*, 630 F.3d. 420, 426-27 (5th Cir. 2011).

## RECOMMENDATION

For the foregoing reasons, Defendant's motion should be liberally construed as a § 2255 motion and given additional consideration under § 2255.

However, the Court cannot so construe the motion without warning Defendant of the possible consequences. The Supreme Court of the United States has held that a district court must notify a *pro se* litigant that it intends to re-characterize a pleading as a § 2255 motion with a warning that such re-characterization means any future § 2255 motions will be subject to restrictions on "second or successive" § 2255 motions. *Castro v. United States*, 540 U.S. 375, 383 (2003); *see also United States v. Moron-Solis*, 388 F. App'x. 443, 445 (5th Cir. 2010) (applying *Castro* to a similar case). Accordingly, if Defendant does not wish for his motion to be construed as a § 2255 motion, Defendant should notify the Court within thirty (30) days that he would like the motion withdrawn. At that time, the Court will dismiss the civil action without prejudice. As such, the action does not serve as Defendant's first § 2255 motion.

If, however, Defendant wishes to continue with the motion construed as a § 2255 motion, then Defendant must submit the motion on the standardized § 2255 motion to vacate, set aside, or correct sentence form that has been adopted by the Court. Furthermore, Defendant is cautioned that if he wishes to proceed with a § 2255 motion, he should include *all claims* he wishes to raise as he will not be allowed to file a second or successive § 2255 motion in the future unless the United States Court of Appeals for the Fifth Circuit grants him permission to do so. Accordingly,

It is **ORDERED** that the Clerk of the Court shall send a standard § 2255 form to Defendant along with this order.

It is further **ORDERED** Defendant has thirty (30) days from the adoption of this Report and Recommendation to either (1) notify the Court he does not wish to have his motion construed as a § 2255 motion, or (2) complete the § 2255 form fully and legibly, and submit it to the Court should he wish to proceed with a § 2255 motion. Defendant is placed on notice the civil action may be dismissed if he fails to timely comply with this order.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that

such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 19th day of April, 2018.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE