| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| *versus* | § | CRIMINAL ACTION NO. 4:17CR55 |
| | § | |
| CHRISTOPHER LAVELL MCFADDEN (1) | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On April 19, 2018, the report of the Magistrate Judge (Dkt. #37) was entered containing proposed findings of fact and recommendations that Defendant Christopher Lavell McFadden's Letter to file "Notice of Appeal out-of-time" (Dkt. #34) be liberally construed as a § 2255 request for relief and opened as a new civil action.

Having received the report of the Magistrate Judge, having considered Defendant's Objections (Dkt. #38), the Response filed by the Fannin County Detention Center (Dkt. #42), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court.

### RELEVANT PROCEDURAL HISTORY

On October 2, 2017, Defendant pleaded guilty without a plea agreement to possession of a firearm by a felon, in violation of Title 18 U.S.C. § 922(g) (Dkt. #21). On January 29, 2018, the Court sentenced Defendant to 71 months of imprisonment in the Bureau of Prisons, to be followed by 3 years of supervised release, and imposed a $100.00 special assessment (Dkt. #32).

On January 31, 2018, the criminal judgment was entered on the docket. On March 26, 2018, the present motion was filed (Dkt. #34). Therein, Defendant acknowledged that his notice of appeal was not timely filed, but requested the Court grant him leave to file an out-of-time appeal because he had mistakenly believed a notice of appeal had been timely filed by his trial counsel. The Magistrate Judge found the Court lacked any power to grant Defendant relief under Rule 4(b), and recommended that because no notice of appeal was timely filed, the Court construe Defendant's request as a § 2255 request for relief, and open a new civil action to consider Defendant's claim. On May 9, 2018, Defendant filed objections to the Magistrate Judge's Report and Recommendation (Dkt. #38).

## DEFENDANT'S OBJECTIONS

Defendant's objections do not dispute the Magistrate Judge's findings or recommendations; rather, Defendant's objections assert for the first time that he sent an earlier, timely notice of appeal, dated February 9, 2018. Defendant asserts that the Magistrate Judge failed to consider this February 9, 2018 letter (Dkt. #38). In his Objections, Defendant asserts that on February 9, 2018, he wrote a letter to the undersigned asking, amongst other things, to appeal. The Defendant states he delivered such letter to the prison authorities on the same day he wrote it. The Court has received no letter dated February 9, 2018.

Based on Defendant's claim, the Magistrate Judge ordered the Warden of Fannin County Detention Center at 2389 Silo Road, Bonham, Texas 75418 to produce and file a certified copy of the prison mail log or other documentation that offers proof Defendant delivered his purported notice of appeal to a prison official for mailing on that date (Dkt. #39). On June 14, 2018, the Warden filed a Response (Dkt. #42), reflecting that the prison has no record of outgoing mail from

2

Defendant on or about February 9, 2018. In light of the Warden's Response, the Court concludes that Defendant's notice of appeal was not timely filed.

Accordingly, having fully reviewed Defendant's filings, the undersigned agrees with the Magistrate Judge, Defendant did not timely appeal and Defendant's Letter should be liberally construed as a § 2255 request for relief and given additional consideration under § 2255.

The Supreme Court of the United States has held that a district court must notify a *pro se* litigant that it intends to re-characterize a pleading as a § 2255 motion with a warning that such re-characterization means any future § 2255 motions will be subject to restrictions on "second or successive" § 2255 motions. *Castro v. United States*, 540 U.S. 375, 383 (2003). Therefore, if Defendant does not wish for his motion to be construed as a § 2255 motion, Defendant should notify the Court within thirty (30) days that he would like the motion withdrawn. At that time, the Court will dismiss the civil action without prejudice. As such, the action does not serve as Defendant's first § 2255 motion.

Accordingly, it is **ORDERED** that Defendant Christopher Lavell McFadden's Letter to file "Notice of Appeal out-of-time" (Dkt. #34) is **DENIED** under Appellate Rule 4(b). Defendant's Letter should be docketed as a new civil action, and construed as a request to file a § 2255 request for relief.

It is further **ORDERED** that the Clerk of the Court shall send a standard § 2255 form to Defendant along with this Order.

It is further **ORDERED** Defendant has thirty (30) days from the date of this Order to either: (1) notify the Court he does not wish to have his motion construed as a § 2255 motion, or (2) should he wish to proceed with a § 2255 motion, complete the § 2255 form fully and legibly,

and submit it to the Court. Defendant is cautioned that if he elects to proceed with a § 2255 motion he should include all claims he wishes to raise as he will not be allowed to file a second or successive § 2255 motion in the future unless the United States Court of Appeals for the Fifth Circuit grants him permission to do so. Defendant is further placed on notice that the civil action may be dismissed if he fails to timely comply with this Order.

**IT IS SO ORDERED.**

SIGNED at Beaumont, Texas, this 11th day of July, 2018.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE