IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 4:17-CR-55 |
| | § | (Judge Crone/Judge Nowak) |
| CHRISTOPHER LAVELL MCFADDEN (1) | § | |
| | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is *pro se* Defendant Christopher L. McFadden's ("Defendant") Motion for Transcript of Grand Jury Proceedings [Dkt. 40] and "Amendment and Supplement to Defendant Christopher Lavell McFadden's Motion for Disclosure of Grand Jury Materials" [Dkt. 57] (collectively, the "Motion"). On July 23, 2018, the Motion was referred to the undersigned U.S. Magistrate Judge for consideration and a determination or recommended disposition pursuant to 28 U.S.C. 636 [Dkt. 50]. After reviewing the Motion, and all other relevant filings, the Court recommends that Defendant's Motion be **DENIED**.

**BACKGROUND**

On April 12, 2017, a Federal Grand Jury in the Eastern District of Texas, Sherman Division, returned a one-count Indictment against Defendant [Dkt.1]. Count One of the Indictment charges Defendant with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) [Dkt. 1]. On October 2, 2017, Defendant pleaded guilty without a plea agreement to Count One of the Indictment [Dkts. 21; 24 at 1]. On January 29, 2018, Defendant was sentenced to a term of imprisonment of 71 months, 3 years of supervised release, and a $100 special assessment [Dkt. 32]. On January 31, 2018, the judgment was docketed [Dkt. 32].

On June 11, 2018, Defendant filed his Motion for Transcript of Grand Jury Proceedings, requesting that Defendant be provided with a transcript of the grand jury proceedings applicable to his case [Dkt. 40]. Therein, Defendant alleges "upon information and belief" that local police attested that Defendant made a telephone confession to the charged crime, and that such "alleged confession was submitted to obtain the one count indictment from [the] grand jury in this case" [Dkt. 40 at 2]. Defendant further contends that this information was presented to the grand jury in its consideration of the proposed charge against Defendant [Dkt. 40 at 2]. However, Defendant asserts he never made any such confession to law enforcement, was never advised of his *Miranda* rights prior to making any such confession, and law enforcement continued its questioning of Defendant and his wife even after Defendant advised law enforcement that he wanted to speak with his lawyer [Dkt. 40 at 3]. As a result, Defendant believes the information presented to the grand jury was false and obtained in violation of his constitutional rights. By and through his Motion, Defendant seeks a transcript of the sealed grand jury proceedings so that he may properly support his claim that his constitutional rights have been violated [Dkt. 40 at 4].

The Government filed a response on July 20, 2018 [Dkt. 49]. The Government contends Defendant is not entitled to the requested transcript because: (1) his plea of guilty "waives this argument;"[1] and (2) Defendant's Motion fails "to show 'a particularized need' that outweighs the

---

[1] The Court notes that the Government's Response argues Defendant entered into a Plea Agreement containing the following language:

> **WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE**: Except as otherwise provided in this paragraph, the defendant waives the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine, order of restitution, or order of forfeiture in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal any punishment imposed in excess of the statutory maximum. The defendant also reserves the right to appeal or seek collateral review of a claim of ineffective assistance of counsel.

secrecy of the proceedings" [Dkt. 49 at 2]. After being granted an extension, on August 31, 2018, Defendant filed both a Reply and his "Amendment and Supplement to Defendant Christopher Lavell McFadden's Motion for Disclosure of Grand Jury Materials" [Dkts. 56; 57]. Defendant's Amendment clarifies that his particularized need for this transcript is to avoid "manifest injustice in another judicial proceeding[,] [s]pecifically, the post-conviction proceedings pending in the 3rd Judicial District Court for Denton County, Texas" [Dkt. 57 at 1].

## ANALYSIS

### *Federal Rule of Criminal Procedure 6(e)*

Defendant's Motion asks the Court to require the Government to provide him with a transcript of the sealed grand jury proceedings in his criminal case [Dkt. 40 at 1].

The United States Supreme Court has established a long-standing policy of secrecy regarding grand-jury proceedings. *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681 (1958). Indeed "[t]he proper function of the grand jury system depends upon the secrecy of the grand jury proceedings." *United States v. Miramontez*, 995 F.2d 56, 59 (5th Cir. 1993) (citing *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218 (1979).

Congress has promulgated certain rules regarding disclosure of grand jury proceedings in the Federal Rules of Criminal Procedure. Specifically, Rule 6(e)(2)(B) provides that grand jury matters may not be disclosed unless "these rules provide otherwise." Fed. R. Crim. P. 6(e)(2)(B). The court may authorize disclosure "at a time, in a manner, and subject to any other conditions that it directs--of a grand jury matter at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R.

---

[Dkt. 49 at 2]. However, Defendant's Notice of Intent to Plea states that "[Defendant] inten[ds] to plea guilty to the Indictment *without* a plea agreement" [Dkt. 19] (emphasis added). As such, the Court does not further analyze this portion of the Government's argument.

Crim. P. 6(e)(3)(E)(ii). When a grand jury has returned an indictment, the accused has been apprehended, and the grand jury's work has ended, "the veil of secrecy surrounding grand jury proceedings may safely be lifted where justice requires." *In re Grand Jury Investigation of Ven-Fuel*, 441 F. Supp. 1299, 1233 (M.D. Fla. December 1, 1977) (citing *United States v. Alper*, 156 F.2d 222, 226 (2d Cir. 1946); *In re Report & Recommendation of Grand Jury*, 370 F. Supp. 1219, 1229 (D.D.C. 1974); *United States v. GMC*, 352 F. Supp. 1071, 1072 (E.D. Mich.1973)).

In the instant case, the burden rests squarely upon Defendant to show that "a particularized need" exists for the disclosure which outweighs the policy of secrecy. *See Miramontez*, 995 F.2d at 59 (citing *Douglas Oil Co. v. Petrol Stops Northwest*, 99 S. Ct. 1667, 1672 (1979)). Specifically, a party moving for disclosure of the grand jury proceedings "must demonstrate that (1) the material [sought] is needed to avoid a possible injustice in another judicial proceeding, (2) the need for disclosure is greater than the need for continued secrecy, and (3) [the] request is structured to cover only material so needed." *Id.* (citing *Douglas Oil*, 441 U.S. at 221-22). The party moving for disclosure must make this showing "even when the grand jury whose transcripts are sought has concluded its operations." *Id.*

*Particularized Need*

In his Motion, Defendant claims that an alleged confession was obtained in violation of his constitutional rights and that he "has reason to believe that the alleged confession was submitted to obtain the one count indictment from grand jury [sic] in this case" [Dkt. 40 at 2]. Upon review of Defendant's Motion, the Court finds that Defendant has specifically failed to establish the second element required to establish a particularized need: "the need for disclosure is greater than the need for continued secrecy." *See Miramontez*, 995 F.2d at 59.

As an initial matter, the Court notes that Defendant's allegations made "upon information and belief" are insufficient to establish a "particularized need" for disclosure of the grand jury proceedings. Indeed, Defendant's hope and/or suspicion that he might discover some defect in the grand jury proceedings is not enough for relief under Rule 6(e). *See Durham v. U.S. Atty. Gen.*, No. 1:06cv843, 2008 WL 620744, at *2 (E.D. Tex. Mar. 3, 2008) (citing *Thomas v. United States.*, 597 F.2d 656, 657 (8th Cir. 1979) (indicating that "[particularized need] involves more than a 'fishing expedition' based on a generalized hope that some defect in the grand jury process will be discovered"); *see also United States v. Procter & Gamble Co.*, 356 U.S. 677, 683 (1958) (suggesting that a showing of "particularized need" sufficient to lift the secrecy of grand jury proceedings occurs in cases where the grand jury transcript is sought to "impeach a witness, to refresh [a witness's] recollection, to test [a witness's credibility] and the like). "[A]ssumption[s] of what specific instructions 'presumably,' 'upon information and belief,' or 'inevitably made their way' to the grand jury is not sufficient 'proof' of a particularized need for the release of grand jury materials." *United States v. Arshad*, Criminal Action No. 18-32, 2018 WL 3220455, at *6 (E.D. La. July 2, 2018).

In the instant case, Defendant contends that he needs a transcript of the sealed grand jury proceedings because "[w]ithout the grand jury transcripts relating. . . to the issue of false statements made in the search warrant[,] Defendant [] will not be able to seek redress of the police [sic] blatant violation of the Fourth Amendment protections to be free from unwarranted search and seizure" [Dkt. 56 at 4]. Notably, Defendant offers no evidence to substantiate his bald assertion that false statements related to the search warrant were presented to the grand jury. *See United States v. Tucker*, 526 F.2d 279, 282 (5th Cir. 1976) ("A defendant must show 'particularized need' to justify infringement of the secrecy surrounding a grand jury. Appellants' unsubstantiated

assertions of improprieties before the grand jury do not approach such a showing.") (citations omitted); *see also United States v. Young*, 494 F. Supp. 57, 62 (E.D. Tex. 1980) (finding that pleadings requesting disclosure of grand jury proceedings because "disclosure (has) become so necessary" is insufficient justification to show a particularized need). Although Defendant vaguely asserts that "[he] has obtained some evidence to support" the assertion that the police made false statements to the grand jury, [Dkt. 56 at 5], Defendant has not provided, nor does he even specifically identify, such evidence in his Motion. *See Crostley v. Lamar County*, No. 5:10-CV-17, 2011 WL 13138104, at *2 (E.D. Tex. Dec. 21, 2011) (finding that plaintiffs had not shown a particularized need where plaintiffs did "not put forward any evidence tending to support their allegation that. . . false information was provided to the grand jury").

Moreover, Defendant has failed to show that disclosure of the grand jury proceedings is the only means by which he can obtain evidence to support his claim in state court. *See in re Disclosure of Evidence Taken Before the Special Grand Jury Convened on May 8, 1978*, 650 F.2d 599, 601-02 (5th Cir. 1981) (denying request for disclosure of grand jury proceedings where "it ha[d] not been shown that disclosure of the federal grand jury material is the only means by which the information can be obtained"). As such, Defendant fails to demonstrate a particularized need for disclosure of the grand jury proceedings.

### *Effect of Defendant's Guilty Plea*

As noted above, on October 2, 2017, Defendant pleaded guilty to the single offense charged in the Indictment [Dkt. 24]. "A guilty plea generally waives constitutional deprivations occurring prior to the plea, except a habeas claim challenging the validity of the guilty plea itself." *Reynolds v. Director*, No. 4:06cv141, 2009 WL 2590198 at *3 (E.D. Tex. Aug. 18, 2009) (citing *Haring v. Prosise*, 462 U.S. 306, 319-20 (1983)). Separate and apart from any failure by Defendant to show

a particularized need, by pleading guilty—with or without a plea agreement—Defendant has waived all non-jurisdictional defects in the grand jury proceedings. *See Bee v. Beto*, 384 F.2d 925, 926 (5th Cir. 1967) ("A guilty plea is a waiver of all non-jurisdictional defects and defenses and admits the facts charged.") (citing *White v. Beto*, 367 F.2d 557 (5th Cir. 1966)); *Denton v. United States*, 465 F.2d 1394, 1395 (5th Cir. 1972) (*per curiam*) ("[a] plea of guilty, knowingly and voluntarily given, constitute[s] a waiver of all non-jurisdictional defects in the proceedings up to that point"); *United States v. Contreras*, 272 F. App'x 344, 345 (5th Cir. 2008) (*per curiam*) (finding that "by pleading guilty, [defendant] waived all nonjurisdictional defects occurring during the grand jury proceedings"); *United States v. Miramontez*, 995 F.2d 56, 60 (5th Cir. 1993) (indicating that a guilty plea waives all nonjurisdictional defects in the grand jury proceedings where defendant seeks disclosure of grand jury testimony after defendant has entered his guilty plea and been sentenced); *United States v. Bouldin*, 566 F. App'x 384, 384 (5th Cir. 2014) (*per curiam*) (denying postconviction motions for disclosure of grand jury materials where defendant pled guilty as a guilty plea "waive[s] all nonjurisdictional defects occurring during the grand jury proceedings"). Insofar as Defendant seeks to disclose the grand jury proceedings so as to raise certain issues related to the instant case, Defendant does not allege that his guilty plea was made involuntarily or unknowingly [Dkt. 40].[2] Because Defendant pleaded guilty to Count One charged

---

[2] Moreover, even if Defendant did so allege, the record evidence indicates that Defendant's plea was both knowing and voluntary. During Defendant's change of plea hearing, Defendant confirmed that he discussed the facts, the pending charge, and both favorable and unfavorable defenses with his attorney [Dkt. 48 at 10]. Defendant stated that he was satisfied that his counsel fully considered his case [Dkt. 48 at 10]. The Court confirmed with the Defendant that he was freely and voluntarily entering a plea of guilty without force or threat and that no one had made promises to him in order to persuade him to enter such plea [Dkt. 48 at 17-18]. The Court explained the penalties and consequences of entering a guilty plea [Dkt. 48 at 13-14]. Defendant affirmed that the Factual Basis was an accurate description of his participation in the offense [Dkt. 48 at 21]. Therefore, "[t]he record of the plea hearing clearly illustrates that the Court informed Defendant of the maximum possible penalty and, thus, the consequences of pleading guilty." *See Richardson v. U.S.*, No.5:16-cv-62, 2018 WL 3352743 at *7 (E.D. Tex. May 9, 2018) (citing *U.S. v. Guerra*, 94 F.3d 989, 995 (5th Cir. 1996); *U.S. v. Ramirez*, 114 F.3d 1180, 1997 WL 256686 at *1 (5th Cir. 1997)).

in the Indictment, any alleged constitutional violations occurring prior and unrelated to such knowing and voluntary guilty plea are waived. As a result, Defendant is not entitled to a transcript of the grand jury proceedings to raise issues related to this matter.[3]

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court recommends that Defendant's Motion for Transcript of Grand Jury Proceedings [Dkt. 40] and "Amendment and Supplement to Defendant Christopher Lavell McFadden's Motion for Disclosure of Grand Jury Materials" [Dkt. 57] each be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

---

[3] The Court does not reach the Government's contention that Defendant also waived any issues related to the grand jury proceedings by failing to object to the Presentence Report.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 3rd day of October, 2018.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE