| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| V. | § | CRIMINAL ACTION NO. 4:17CR55 |
| | § | |
| CHRISTOPHER LAVELL MCFADDEN (1) | § | |

# ORDER ADOPTING REPORT AND
# RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On October 3, 2018, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Defendant's "Motion for Transcript of Grand Jury Proceedings" (#40) and "Amendment and Supplement to Defendant Christopher Lavell McFadden's Motion for Disclosure of Grand Jury Materials" (#57) be denied. After being granted an extension of time, Defendant has filed Objections (#63).

## RELEVANT PROCEDURAL BACKGROUND

On April 12, 2017, a Federal Grand Jury in the Eastern District of Texas, Sherman Division, returned a one-count Indictment against Defendant for violation of 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm) (#1). Defendant pleaded guilty to Count One of the Indictment, without a plea agreement, on October 2, 2017 (#21, 24 at p. 1). On January 29, 2018, Defendant was sentenced and the judgment was subsequently docketed on January 31, 2018 (#32).

On June 11, 2018, Defendant filed, *pro se*, his "Motion for Transcript of Grand Jury Proceedings" (#40). Therein, Defendant alleges that law enforcement violated his constitutional rights and he seeks a copy of the transcript of the grand jury proceedings to support such claim (#40 at pp. 2-4). The Government filed a response opposing Defendant's request on July 20, 2018

(#49). On August 31, 2018, Defendant filed a Reply and his "Amendment and Supplement to Defendant Christopher Lavell McFadden's Motion for Disclosure of Grand Jury Materials" ("Supplement") (#56, 57). Defendant avers that he seeks only these portions of the grand jury transcript necessary in order to avoid a "manifest injustice" in his post-conviction state court proceedings pending before the 3rd Judicial District Court of Denton County, Texas (#57 at p. 1).

After permitting the Government an opportunity to respond to Defendant's additional filings, on October 3, 2018, the Magistrate Judge entered a Report and Recommendation (#60), recommending that the Court deny Defendant's Motion for Transcript of Grand Jury Proceedings (#40) and Supplement (#57). The Magistrate Judge concluded that: (1) Defendant did not demonstrate a particularized need for disclosure of the grand jury proceedings; and (2) Defendant waived any alleged constitutional violations by his guilty plea and thus was not entitled to disclosure of the grand jury proceedings to raise such issues (#60). Defendant requested an extension of time to file objections (#61) and the Magistrate Judge extended Defendant's deadline to file his objections to November 16, 2018 (#62). Defendant filed objections to the Report out of time on November 19, 2018 (#63).[1] The Government did not file a response.

## OBJECTIONS TO REPORT AND RECOMMENDATION

Defendant raises two (2) objections to the Magistrate Judge's report: (1) the Magistrate Judge misapplied the governing legal standard in concluding that Defendant did not demonstrate a particularized need; and (2) Defendant's "guilty plea. . . is irrelevant to his request because he

---

[1] Notwithstanding the Court's Order (#62) extending Defendant's deadline for objections to November 16, 2018, Defendant still failed to timely file his objections. As such, the Court need not consider his objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). Notwithstanding, the Court will consider Defendant's arguments presented in his out of time objections.

does not seek grand jury materials to challenge any non-jurisdictional defect in the charging instrument" (#63 at p. 3).

*Particularized Need*

Defendant asserts that the Magistrate Judge reached the wrong conclusion in determining that Defendant did not demonstrate a particularized need. Defendant articulates his belief that the Magistrate Judge did not "'weigh the competing interest' for and against disclosure" (#63 at p. 2). Specifically, Defendant contends that the Magistrate Judge was required to expressly consider the following five (5) competing interests for or against disclosure in her analysis:

> (1) To prevent the escape of those whose indictment may be contemplated[;]
>
> (2) [t]o ensure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jury[;]
>
> (3) [t]o prevent subornation of perjury or tampering with witnesses who may testify before the grand jury and later appear at trial of those indicted by it[;]
>
> (4) [t]o encourage full and untampered disclosures by persons who have information with respect to the commission of crime [; and]
>
> (5) [t]o prevent innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no possibility of guilty.

(#63 at p. 2). Defendant cites to *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211 (1979) in support of his position that the Magistrate Judge was mandated to consider the aforementioned "competing interests" (#63 at p. 2). Defendant is mistaken. Indeed, the Supreme Court explains:

> In *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681-682, n. 6, 78 S.Ct. 983, 986, n. 6, 2 L.Ed.2d 1077 (1958), we said that the reasons for grand jury secrecy had been summarized correctly in *United States v. Rose*, 215 F.2d 617, 628-629 (CA3 1954):"'(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from

3

importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.'"

*Douglas Oil*, 441 U.S. at 219 n.10. *Douglas Oil*, nor any other circuit precedent, mandates consideration of the five "competing interests" delineated by Defendant's analysis; rather such interests are nothing more than an articulation of the reasons for grand jury secrecy.

Having said that, *Douglas Oil* does identify "the standard for determining when the traditional secrecy of the grand jury may be broken: Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Id.* at 222.

In discussing particularized need, the Report and Recommendation clearly states:

> Upon review of Defendant's Motion, the Court finds that Defendant has specifically failed to establish the second element required to establish a particularized need: "the need for disclosure is greater than the need for continued secrecy." *See Miramontez*, 995 F.2d at 59.
>
> ***
>
> Defendant offers no evidence to substantiate his bald assertion that false statements related to the search warrant were presented to the grand jury. *See United States v. Tucker*, 526 F.2d 279, 282 (5th Cir. 1976) ("A defendant must show 'particularized need' to justify infringement of the secrecy surrounding a grand jury. Appellants' unsubstantiated assertions of improprieties before the grand jury do not approach such a showing.") (citations omitted); *see also United States v. Young*, 494 F. Supp. 57, 62 (E.D. Tex. 1980) (finding that pleadings requesting disclosure of grand jury proceedings because "disclosure (has) become so necessary" is insufficient justification to show a particularized need). Although Defendant vaguely asserts that "[he] has obtained some evidence to support" the assertion that

> the police made false statements to the grand jury, [Dkt. 56 at 5], Defendant has not provided, nor does he even specifically identify, such evidence in his Motion.

(#60 at pp. 5-6). Again, "unsubstantiated assertions of improprieties before the grand jury do not approach such a showing" of particularized need to justify infringement of the secrecy surrounding a grand jury. *Tucker*, 526 F.2d at 282 (citing *United States v. Howard*, 443 F.2d 1 (5th Cir. 1970). Aside from Defendant's self-serving and conclusory allegations, Defendant has "not put forward any evidence tending to support [his] allegation that. . . false information was provided to the grand jury." *Crostley v. Lamar County*, No. 5:10-CV-17, 2011 WL 13138104, at *2 (E.D. Tex. Dec. 21, 2011). Accordingly, this objection is overruled.

*Guilty Plea*

Defendant next contends that his guilty plea is irrelevant to his request for grand jury proceedings because "he does not seek grand jury materials to challenge any non-jurisdictional defect in the charging instrument," rather Defendant is seeking to challenge a criminal proceeding ongoing in state court (#63 at p. 3). Notwithstanding, Defendant has averred that he seeks the grand jury materials to show that law enforcement, prior to his guilty plea, violated his constitutional rights—specifically his fifth, sixth, and fourteenth amendment rights (#40 at pp. 3-4). "[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Defendant has neither advanced, nor cited any authority, reflecting that the Court should reach a different result by virtue of Defendant's

assertion that he intends to challenge or allege a deprivation of rights not in this, but in another proceeding. *See e.g.*, *Williams v. United States*, No. 5:05CV2195, 2006 WL 3742667, at *2 (N.D. Ohio Dec. 15, 2006) (holding that Defendant's guilty plea entered at the state level waived defendant's right to raise independent claims relating to the deprivation of rights occurring prior to the entry of his plea in his federal habeas petition); *see also United States v. Owens*, 996 F.2d 59, 60 (5th Cir. 1993) (holding that by pleading guilty to charges in a federal indictment, "[defendant] waived the argument that the search and seizure conducted by Texas state officials violated a more expansive provision of the Texas Constitution."). Here, any alleged false statements and/or evidence presented to the grand jury by law enforcement occurred prior to entry of Defendant's guilty plea. Further, as the Report explains, Defendant has not alleged that his plea was made unknowingly or involuntarily (#60 at p. 7); and, therefore, he waived any such constitutional violations occurring prior to the acceptance of his guilty plea whether before this Court or any other court. Accordingly, this objection is also overruled.

In sum, after a thorough review of the record in this matter, and specifically, Defendant's objections, the Court finds that Defendant has failed to demonstrate a particularized need for disclosure of the grand jury proceedings. Accordingly, Defendant's "Motion for Transcript of Grand Jury Proceedings" (#40) and "Amendment and Supplement to Defendant Christopher Lavell McFadden's Motion for Disclosure of Grand Jury Materials" (#57) should be denied.

## CONCLUSION

After conducting a *de novo* review, the Court concludes that the findings and conclusions of the Magistrate Judge are correct. Accordingly, Defendant's objections are overruled, and the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this Court.

It is therefore **ORDERED** that Defendant's "Motion for Transcript of Grand Jury Proceedings" (#40) and "Amendment and Supplement to Defendant Christopher Lavell McFadden's Motion for Disclosure of Grand Jury Materials" (#57) are **DENIED**.

SIGNED at Beaumont, Texas, this 6th day of December, 2018.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE