|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

UNITED STATES OF AMERICA § 
§ 
*versus* § CASE NO. 4:17-CR-55 
§ 
CHRISTOPHER LAVELL MCFADDEN §

## MEMORANDUM AND ORDER

Pending before the court is Defendant Christopher Lavell McFadden's ("McFadden") *pro se* Motion for Reconsideration (#81), wherein McFadden requests that the court reconsider its June 26, 2020, memorandum and order denying his motions for compassionate release (#79). United States Pretrial and Probation Services ("Probation") submitted an updated report, which recommends the denial of McFadden's motion. The Government filed a response in opposition (#82). Subsequently, McFadden filed a reply to the Government's response (#83), as well as a letter Motion for Home Confinement (#84). Having considered the pending motions, the recommendation of Probation, the Government's response, the record, and the applicable law, the court is of the opinion that the motions should be denied.

I.  Background

In its June 26, 2020, Memorandum and Order, the court considered McFadden's requests for compassionate release on the merits and determined that although McFadden's condition—renal failure—qualifies as terminal, his demise is not imminent, as he indicates that he may live from five to ten more years, and his projected release date is August 27, 2022. The court further considered that despite McFadden's medical conditions, including renal failure and insulin-dependent diabetes, he appeared able to function in the prison setting and his medical needs were being met by the Bureau of Prisons ("BOP"). The court also held that McFadden's concerns

regarding COVID-19 did not constitute an extraordinary and compelling reason justifying a reduction in his term of imprisonment.  Finally, the court held that after considering the factors set forth in 18 U.S.C. § 3553(a), a reduction was not warranted and that it could not conclude that McFadden would not pose a danger to any other person or to the community, if released from confinement.  *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) ("[C]ompassionate release is discretionary, not mandatory, and [may] be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a).").

II.     Analysis

At the outset, the court notes that McFadden's reliance on Rule 59(e) is misplaced as this is a *criminal* proceeding.  *See* FED. R. CIV. P. 1 ("These rules govern the procedure in all *civil* actions and proceedings in the United States district courts[.]" (emphasis added)); *United States v. Garcia*, 804 F. App'x 274, 275 (5th Cir. 2020) ("[C]ivil rule does not apply in criminal cases."); *United States v. Moore*, 671 F. App'x 349, 350 (5th Cir. 2016) (same), *cert. denied*, 137 S. Ct. 2103 (2017).  Furthermore, "the Federal Rules of Civil Procedure do not apply to motions under § 3582."  *United States v. Goodwyn*, 596 F.3d 233, 235 n.* (4th Cir.), *cert. denied*, 561 U.S. 1036 (2010); *see United States v. Norwood*, 755 F. App'x 813, 815 (10th Cir. 2018) ("[T]he Rules of Civil Procedure do not apply to [defendant's] § 3582 motion."); *United States v. Calton*, 900 F.3d 706, 713-14 (5th Cir. 2018) (stating that "a § 3582(c)(2) motion is not a civil postconviction action but a step in a criminal case" (quoting *United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000))).  In short, Rule 59(e) does not provide the relief sought by McFadden.

In his current motions, McFadden does not raise any substantial factual or legal issues warranting relief, show that he is receiving inadequate health care at the federal medical center

2

where he is housed, or demonstrate that he would not pose a risk to society, if released. Rather, McFadden reasserts that compassionate release is warranted in his case because of his serious medical conditions—he has renal failure, is dependent on dialysis, and is a diabetic—and the threat of COVID-19. McFadden also cites to a recent opinion from a district court in the Southern District of Texas, *United States v. Jackson*, wherein the court granted compassionate release to a defendant who was suffering from end-stage kidney disease. No. 4:14-CR-00576, 2020 WL 1955402, at *6 (S.D. Tex. Apr. 23, 2020). A decision of the district court in the Southern District of Texas, however, is not binding on this court. *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."); *United States v. Hanzy*, 802 F. App'x 850, 852 (5th Cir. 2020).

Moreover, *Jackson* is factually distinguishable. In *Jackson*, the Government never filed a formal response to Jackson's motion, as it has in McFadden's case. In addition, the defendant in *Jackson* suffered from chronic lung disease, hypertension, heart disease, ANCA vasculitis, an autoimmune disorder, as well as end-life kidney disease, and his health was "rapidly deteriorating." 2020 WL 1955402, at *5. He had a history of pneumonia, for which he was hospitalized several times, used oxygen daily while sleeping, and took prednisone daily to treat shortness of breath. *Id*. at *1. McFadden, in contrast, appears to be in stable condition. In fact, McFadden stated in a prior motion (#68) that he may live five to ten more years. Probation's updated report confirms that McFadden is a dialysis patient living in an ambulatory unit who requires no assistance with his activities of daily living. The Government also points out that McFadden's condition is stable and effectively managed with treatment at the facility where he is

housed. Thus, McFadden fails to present any novel legal arguments or new bases justifying his early release that were not previously considered and ruled on in the court's prior order (#79).

To the extent that McFadden requests the court to place him on home confinement, the Bureau of Prisons ("BOP") has the exclusive authority to determine where a prisoner is housed; thus, the court is without authority to order home confinement. 18 U.S.C. § 3621(b); *Ambriz v. United States*, No. 4:20-CV-568-P, 2020 WL 3066861, at *2 (N.D. Tex. June 5, 2020); *United States v. Miller*, No. 2:17-CR-015-D (02), 2020 WL 2514887, at *1 (N.D. Tex. May 15, 2020) ("[N]either the CARES Act nor the First Step Act authorizes the court to release an inmate to home confinement."). Moreover, Probation informs the court that the BOP is in the process of once again reviewing McFadden's eligibility for home confinement under the CARES Act.

III.　Conclusion

In accordance with the foregoing, McFadden's Motion for Reconsideration (#81) and letter Motion for Home Confinement (#84) are DENIED.

SIGNED at Beaumont, Texas, this 5th day of November, 2020.

*[signature: Marcia A. Crone]*

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE