|||
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

UNITED STATES OF AMERICA § 
§
*versus* § CASE NO. 4:17-CR-55
§
CHRISTOPHER LAVELL MCFADDEN §

## MEMORANDUM AND ORDER

Pending before the court is Defendant Christopher Lavell McFadden's ("McFadden") *pro se* letter request (#86) wherein McFadden requests that the court appoint him counsel to assist him with an appeal of the denial of his prior motions for compassionate release. Having considered the pending motion, the record, and the applicable law, the court is of the opinion that the motion should be denied.

On June 25, 2020, the court denied McFadden's requests for compassionate release (#79), and on November 5, 2020, the court denied McFadden's motion for reconsideration and motion for home confinement (#85). On November 6, 2020, McFadden filed the instant motion, wherein he asks the court to appoint him counsel to appeal these orders. McFadden states that he cannot afford an attorney but fails to attach an affidavit or a certified copy of his trust fund account statement.

Under certain circumstances, the court may grant a party leave to proceed on appeal without prepaying or giving security for fees and costs. *See* 28 U.S.C. § 1915(a); FED. R. APP. P. 24(a). To proceed *in forma pauperis* ("IFP"), a party must submit an affidavit that includes a statement of all assets he possesses demonstrating his inability to prepay or give security for fees and that states the nature of the appeal and the affiant's belief that he is entitled to redress. 28 U.S.C. § 1915(a)(1). A prisoner who seeks to proceed IFP must also submit a certified copy of

his trust fund account statement or institutional equivalent for the 6-month period immediately preceding the filing of the notice of appeal. *Id.* § 1915(a)(2). If granted leave to proceed IFP, a prisoner is still obligated to pay the full amount of the filing fee over time, when funds exist, through an initial partial filing fee and monthly installments withdrawn from the prisoner's account. *Id.* § 1915(b)(1), (2); *Hawes v. Stephens*, 964 F.3d 412, 417 (5th Cir. 2020). A prisoner may proceed IFP on appeal only if he is economically eligible and presents a nonfrivolous issue. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). An issue is not frivolous if it involves "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); *accord United States v. Castillo-Chavez*, No. 19-40865, 2020 WL 6164345, at *1 (5th Cir. Oct. 21, 2020).

Here, McFadden has not complied with the requirements of 28 U.S.C. § 1915(a)(1) or (a)(2) and has failed to supply the consent and authorization forms required by the institution where he is housed, allowing collection of fees from his inmate trust fund account or institutional equivalent.

Accordingly, McFadden's letter request (#86) is DENIED.

SIGNED at Beaumont, Texas, this 1st day of December, 2020.

                                          */s/ Marcia A. Crone*
                                          MARCIA A. CRONE
                                      UNITED STATES DISTRICT JUDGE