**UNITED STATES DISTRICT COURT**          **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 4:17-CR-55 |
| | § | |
| CHRISTOPHER LAVELL MCFADDEN | § | |

## ORDER

Pending before the court is Defendant Christopher Lavell McFadden's ("McFadden") *pro se* Motion for Compassionate Release (#89) and Renewed Motion for Compassionate Release (#100).

On June 25, 2020, the court entered a Memorandum and Order (#79), which denied McFadden's Motion for Reduction in Sentence or Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (#68) and Amendment to Compassionate Release/Reduction in Sentence Due to the Emergency of COVID-19 (#77).   On November 5, 2020, the court entered another Memorandum and Order (#85), which denied McFadden's Motion for Reconsideration (#81) and letter Motion for Home Confinement (#84).   On November 23, 2020, McFadden filed a notice of appeal with respect to the court's denial of his compassionate release motions (#87).   The resulting appellate case, *United States v. McFadden*, No. 20-40801, is currently pending before the United States Court of Appeals for the Fifth Circuit.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *accord Manrique v. United States*, ___ U.S. ___, 137 S. Ct. 1266, 1271 (2017); *United States v. Hernandez-Cuellar*, 793 F. App'x 311, 311 (5th Cir. 2020); *United States v. Bolton*, 908

F.3d 75, 101 (5th Cir. 2018).  When a notice of appeal is filed, the case is transferred permanently to the appellate court until it is remanded back to the district court, as "a case can exist in only one court at a time." *United States v. Lucero*, 755 F. App'x 384, 386 (5th Cir. 2018).  Therefore, with limited exceptions, district courts do not have jurisdiction to act when a case is pending on appeal.  *Id.*; *see United States v. Kidd*, No. 3:14-CR-114-DPJ-FKB, 2019 WL 1931751, at *3 (S.D. Miss. Apr. 30, 2019) ("[J]urisdiction vested with [the] appellate court when [the] notice of appeal became effective."); FED. R. CRIM. P. 37 advisory committee's note to 2012 adoption ("After an appeal has been docketed and while it remains pending, the district court cannot grant a Rule 60(b) motion without a remand.").

After a criminal defendant has appealed an order, "the district court retain[s] only the authority to facilitate the appeal or correct any clerical issues." *United States v. Pena*, 713 F. App'x 271, 273 (5th Cir. 2017) (citing *Nicol v. Gulf Fleet Supply Vessels, Inc.*, 743 F.2d 298, 299 (5th Cir. 1984)); *accord Hernandez-Cuellar*, 793 F. App'x at 311; *United States v. Ruvalcava-Garza*, 750 F. App'x 353, 356 (5th Cir. 2018); *see* FED. R. APP. P. 4(b)(5) (indicating that a district court is not divested of jurisdiction to correct a sentence that resulted from clear error within 14 days after sentencing).  Nonetheless, Federal Rule of Criminal Procedure 37 provides:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

2

FED. R. CRIM. P. 37(a).  Thus, notwithstanding its lack of jurisdiction, the district court has the discretion to defer or deny the motion, state that it would grant the motion if the court of appeals remands, or indicate that the motion presents a substantial issue.  *Id.*; *see Lucero*, 755 F. App'x at 387.

McFadden's instant motions were filed after he filed his notice of appeal, and, therefore, this court is divested of jurisdiction.  Thus, the court DENIES McFadden's motions (#s 89, 100) pursuant to Federal Rule of Criminal Procedure 37(a)(2).

SIGNED at Beaumont, Texas, this 24th day of May, 2021.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE